Elizabeth P. Hodes, ABA #0511108
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone: (907) 257-5300
elizabethhodes@dwt.com

Attorney for Kikiktagruk Inupiat Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FONY IMAWAN,<br><br>    Plaintiff,<br><br> vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION,<br><br>    Defendant. | Case No. 3:20-cv-_____ |

## ANSWER

Defendant Kikiktagruk Inupiat Corporation ("KIC"), by and through its attorneys Davis Wright Tremaine LLP, hereby answers Plaintiff's June 18, 2020 Complaint as follows. To the extent that any allegation in the complaint is not specifically admitted, the allegations are denied.

## JURISDICTION

1.1. KIC admits that Fony Imawan is the plaintiff in this action. The remaining allegations in Paragraph 1.1 do not pertain to KIC and, therefore, no answer or further response is required. To the extent Paragraph 1.1 includes any allegations that require a

response, KIC is without sufficient knowledge or information to form a reasonable belief regarding the truth or falsity of the allegations, and therefore denies them.

1.2. Admitted.

1.3. Denied. This matter has been removed to the United States District Court for the State of Alaska, which has jurisdiction over the claim set forth in the Complaint pursuant to 28 U.S.C. § 13331, on the basis of federal question jurisdiction.

## **FACTS**

2.1. KIC admits that plaintiff Fony Imawan ("Imawan") began working for KIC on January 24, 2019, in its payroll department, specifically as its Payroll Manager. KIC denies all remaining allegations.

2.2. Admitted.

2.3. KIC admits it hired Imawan as its Payroll Manager and that the position, as performed by Imawan, met and continues to meet the exemption from overtime compensation pursuant to Section 13(a)(1) of the Fair Labor Standards Act of 1938 ("FLSA"). KIC denies all remaining allegations.

2.4. KIC denies that Imawan's duties did not and do not conform to the overtime exemption requirements identified in the FLSA. KIC incorporates its responses to Paragraphs 2.1 and 2.3, *supra*.

2.5. KIC admits that Imawan has not supervised two or more employees and she did not have the discretion to hire or fire employees. KIC denies Imawan did not have

the discretion or independent judgment to make decisions on matters of significance to KIC. KIC denies all remaining allegations.

2.6. Denied. KIC hired Imawan to perform all duties of the Payroll Manager, which included significantly more responsibilities than "data input [and] payroll processing." Additionally, Imawan was KIC's expert relating to payroll and she exercised significantly more discretion and independence in the performance of her duties than is inferred in her allegation that she performed her duties by "following the directives of [KIC's] Controller and Chief Financial Officer."

2.7. KIC admits Imawan was hired at a salary of $90,000 per year. KIC also admits that it hired Imawan to perform the duties of a senior-level manager and that she was expected to fully perform these duties. KIC expected Imawan to act with autonomy and discretion to manage KIC's payroll administration. KIC also admits Imawan was directed to track her hours like all employees pursuant to Alaska law. KIC also admits that it relied upon these hours to evaluate staffing and structure within its accounting department. KIC denies all remaining allegations.

2.8. Denied. KIC incorporates its response to Paragraph 2.7, *supra*.

2.9. Denied.

2.10. The allegations in this paragraph state legal conclusions to which no answer is necessary. To the extent a response is required, KIC denies the allegations contained in this paragraph and responds that Imawan was an exempt employee under the FLSA and therefore not entitled to overtime compensation.

ANSWER - 
*Imawan v. Kikiktagruk Inupiat Corporation* | Case No. 3:20-cv-_____

Page **3** of **6**

Case 3:20-cv-00180-JWS   Document 5   Filed 07/24/20   Page 3 of 6

2.11. The allegations in this paragraph state legal conclusions to which no answer is necessary. To the extent a response is required, KIC denies the allegations contained in this paragraph and incorporates its response to Paragraph 2.10, *supra*.

## CAUSE OF ACTION

3.1. Imawan reincorporates her preceding allegations to which KIC answers by incorporating its responses as set forth above.

3.2. The allegations in this paragraph state legal conclusions to which no answer is necessary. To the extent a response is required, KIC denies that Imawan worked overtime hours, was improperly classified as an exempt employee, or that she was entitled to overtime pay. KIC responds that Imawan was an exempt employee under the FLSA and therefore not entitled to overtime compensation.

3.3. The allegations in this paragraph state legal conclusions to which no answer is necessary. To the extent a response is required, KIC denies that it violated the FLSA and also incorporates its response to Paragraph 3.2, *supra*.

3.4. The allegations in this paragraph state legal conclusions to which no answer is necessary. To the extent a response is required, KIC denies that Imawan is entitled to any of the relief identified and KIC also incorporates its response to Paragraph 3.2, *supra*.

## AFFIRMATIVE AND OTHER DEFENSES

1. <u>Failure to State a Claim</u>. Imawan's complaint and its purported cause of action fail to state a claim upon which relief can be granted.

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd #1100
Anchorage, Alaska 99503
(907) 257-5300 · Fax: (907) 257-5399

2. <u>No Damages</u>. Imawan suffered no actual injury and Imawan is barred from recovering any amount from KIC because KIC has paid her all sums legally due under federal (and Alaska) law.

3. <u>FLSA Exemption</u>. Imawan is exempt from and is not entitled to statutory overtime pay as alleged because she is an exempt employee under applicable federal law; specifically, Imawan qualifies for the Exemption for Administrative and/or Executive Employees under the FLSA as defined by 29 C.F.R. Part 541.

4. <u>Failure to Mitigate</u>. Imawan has failed to mitigate her damages.

5. <u>Doctrine of Unclean Hands and/or Laches</u>. Imawan's complaint and its purported cause of action are barred, in whole or in part, by the doctrine of unclean hands and/or laches.

6. <u>Unjust Enrichment</u>. Imawan's complaint and its purported cause of action are barred because any recovery by Imawan would constitute unjust enrichment.

7. <u>Accord and Satisfaction</u>. Imawan's complaint and its purported cause of action are barred in whole or in part by the principles of accord and satisfaction.

8. <u>Substantial Performance</u>. KIC has fully and/or substantially performed any and all obligations it may have had to Imawan.

9. <u>Reservation of Rights</u>. KIC reserves the right to amend its answer and add further and additional defenses or affirmative defenses as may be established during the course of discovery.

ANSWER - Page **5** of **6**
*Imawan v. Kikiktagruk Inupiat Corporation* | Case No. 3:20-cv-_____

Case 3:20-cv-00180-JWS   Document 5   Filed 07/24/20   Page 5 of 6

## DEFENDANT'S PRAYER FOR RELIEF

Wherefore, KIC prays that this Court:

1. Enter Judgment against Imawan dismissing all claims with prejudice;

2. Enter Judgment for KIC declaring it to be the prevailing party;

3. Award KIC its attorneys' fees and costs in an amount as allowed by law and court rule; and

4. Grant other and further relief that this Court deems just and equitable.

Dated this 24th day of July, 2020.

> Davis Wright Tremaine LLP
> Attorneys for Kikiktagruk Inupiat Corporation
>
> By /s/ Elizabeth P. Hodes
> Elizabeth P. Hodes, ABA #0511108
> DAVIS WRIGHT TREMAINE LLP
> 188 West Northern Lights Blvd., Suite 1100
> Anchorage, AK 99503
> Phone: (907) 257-5300
> elizabethhodes@dwt.com

ANSWER - Page **6** of **6**
*Imawan v. Kikiktagruk Inupiat Corporation* | Case No. 3:20-cv-_____
4845-9107-8851v.2 0086450-000007

Case 3:20-cv-00180-JWS   Document 5   Filed 07/24/20   Page 6 of 6